NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SHUYUN XU, | ) | No. 06-75268 |
| | ) | |
| Petitioner, | ) | Agency No. A075-686-028 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Argued and Submitted July 13, 2010
San Francisco, California

Before:     FERNANDEZ and TALLMAN, Circuit Judges, and HOGAN,[**]
District Judge.

Shuyun Xu, a native and citizen of China, petitions for review of the Board

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

of Immigration Appeals' denial of her application for asylum,[1] withholding of removal,[2] and Convention Against Torture[3] (CAT) relief.  We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992) (citation omitted).  "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).  When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817.  When an asylum claim is involved, an alien must show either past persecution or a well founded fear of future persecution that is "subjectively genuine and objectively reasonable."  Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also

---

[1]8 U.S.C. § 1158.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel,  Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85, (implemented at 8 C.F.R. § 208.18).

Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Xu's claims fail. She submitted evidence of a single past incident where, because she had led a demonstration regarding compensation of workers for lost wages, she was jailed and suffered harm at the hands of the police and was thereafter required to report weekly. However, that alone was not enough to compel a finding of past persecution or a well founded fear of future persecution. See Gu, 454 F.3d at 1018, 1020–21; Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir. 2003); Prasad v. INS, 47 F.3d 336, 339–40 (9th Cir. 1995). Thus, the BIA could deny relief.

Because the BIA determined that Xu did not meet the requirements for a grant of asylum, it properly determined that she did not meet the requirements for withholding of removal either. See Fisher, 79 F.3d at 960–61, 965; Prasad, 47 F.3d at 340.

Finally, there is no evidence in the record that would compel a determination that it is more likely than not that she would be tortured in China. Thus, she is not entitled to CAT relief. See Wakkary v. Holder, 558 F.3d 1049, 1067–68 (9th Cir. 2009); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.